MCGUIREWOODS LLP
A. BROOKS GRESHAM SBN #155954
LAURA E. COOMBE SBN #260663
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210
bgresham@mcguirewoods.com
lcoombe@mcguirewoods.com

Attorneys for Specially Appearing Defendant Sprint Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM V. R. SMITH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT CORPORATION, a Kansas corporation, and Does 1 through 20, inclusive<br><br>Defendants. | CASE NO. 2:15-cv-02485-MWF-AS<br>[Hon. Michael W. Fitzgerald]<br><br>**SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(2), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e)**<br><br>Date:        June 1, 2015<br>Time:        10:00 a.m.<br>Crtrm.:      1600 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on June 1, 2015 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1600 of the above-captioned Court, located at 312 N. Spring Street, #G-8, Los Angeles, California 90012, Specially Appearing Defendant Sprint Corporation ("Sprint"), will, and hereby does, move the Court to dismiss the Complaint of Plaintiff William V.R. Smith ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks personal jurisdiction over Sprint.  In the alternative, should this Court decline to dismiss this matter for lack of personal jurisdiction, Sprint will, and hereby does, move the Court to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be based.  In the alternative, should this Court not dismiss this matter in its entirety, Sprint will, and hereby does, move the Court for an order requiring Plaintiff to provide a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e) on the grounds that Plaintiff's Complaint lacks sufficient specificity.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Robin Cohen, the Court's file and records in this action, all matters which may be judicially noticed pursuant to Federal Rules of Evidence, Rule 201, and such further oral and/or documentary evidence as properly may be presented at or before the time of the hearing on this Motion.

DATED: April 30, 2015                    MCGUIREWOODS LLP


By:   /s/ Laura Coombe
                              A. Brooks Gresham
                              Laura E. Coombe
                         Attorneys for Sprint Corporation

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................ 3

     A.    Facts Relevant to Sprint's Motion to Dismiss Pursuant to
           F.R.C.P. 12(b) for Lack of Personal Jurisdiction ................................ 3

          1.    Plaintiff's Erroneous Allegations in the Complaint
                 Regarding Sprint's Business Operations ..................................... 3

          2.    Sprint Corporation's Structure and Business Operations ........... 3

     B.    Facts Relevant to Sprint's Motion to Dismiss Pursuant to
           F.R.C.P. 12(b)(6) for Failure to State a Claim Upon Which
           Relief Can Be Based and Motion Pursuant to F.R.C.P. 12(e) for a
           More Definitive Statement ................................................................... 4

III.   STANDARD OF REVIEW ...................................................................... 5

     A.    Rule 12(b)(2) Motion to Dismiss Legal Standards ............................. 5

          1.    General Jurisdiction ................................................................... 7

          2.    Specific Jurisdiction ................................................................. 8

     B.    Rule 12(b)(6) Motion to Dismiss Legal Standard ............................. 9

     C.    Rule 12(e) Motion for a More Definitive Statement Legal
           Standard ............................................................................................. 10

IV.    ARGUMENT ......................................................................................... 10

     A.    Plaintiff's Complaint Should Be Dismissed for Lack of Personal
           Jurisdiction Pursuant to F.R.C.P. 12(b)(2) ...................................... 10

          1.    Plaintiff Cannot Demonstrate that this Court Has Personal
                 Jurisdiction over Sprint ............................................................ 10

               a.    Sprint Lacks Sufficient Minimum Contacts with
                     California ........................................................................ 10

           2.    Plaintiff Cannot Demonstrate that this Court Has Specific
                 Personal Jurisdiction over Sprint ............................................ 12

i

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

**Table of Contents**
(continued)

Page

3.     Sprint Cannot Be Subject to Jurisdiction in California Merely Because its Operating Subsidiaries Do Business Here ........................................................................................... 12

B.     Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) .................................................... 14

1.     Plaintiff's First Cause of Action for Breach of Contract Fails to State a Claim ................................................................. 14

a.     Plaintiff Fails to Plead the Existence of a Contract ........ 14

(1)     Plaintiff's Allegations Concerning an Agreement "in or before 1997" Do Not Allege the Existence of a Contract ........................ 14

(2)     Plaintiff's Allegations Concerning "the 1997 Agreement" Do Not Allege the Existence of a Contract ................................................................. 15

(3)     Plaintiff's Allegations Concerning "the 2001 Modification" Do Not Allege the Existence of a Contract ............................................................. 17

b.     To the Extent that a Contract Was Formed, Plaintiff Is Not a Party Thereto and Lacks Standing to Sue ......... 18

c.     Plaintiff Fails to Allege a Breach of Contract ................. 20

2.     Plaintiff's Second Cause of Action for Declaratory Relief Fails as a Matter of Law Because it Is Not a Distinct Cause of Action ........................................................................ 23

C.     In the Alternative, Plaintiff Must Provide a More Definite Statement Pursuant to F.R.C.P. 12(e) .................................................. 24

V.     CONCLUSION ........................................................................................ 25

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 9

*AT&T v. Companie Bruxelles Lampert*,
  94 F.3d 586 (9th Cir. 1996) ............................................................... 6, 10, 13

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ......................................................... 7, 8, 9, 12

*Beene v. Beene*,
  2012 WL 3583021 (N.D. Cal. Aug. 20, 2012) ........................................... 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 9

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................. 9, 12

*Calder v. Jones*
  465 U.S. 783 (1984) ...................................................................................... 9

*California Earthquake Auth. V. Metro. W. Sec., LLC*,
  712 F.Supp.2d 1124 (E.D. Cal. 2010) ....................................................... 22

*California State Auto. Ass'n Inter-Ins. Bureau v. John Guest USA Inc.*,
  2010 WL 4589813 (N.D. Cal. Nov. 3, 2010) ............................................... 8

*Data Disc., Inc. v. Systems Tech Assocs., Inc.*,
  557 F.2d 1280 (9th Cir. 1977) ............................................................... 6, 10

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ........................................................................ 9

*Gofron v. Picsel Technologies, Inc.*,
  804 F.Supp.2d 1030 (N.D. Cal. 2011) ............................................... 6, 7, 10

*Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ................................................................ 12, 13

iii

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ...................................................................... 6, 7, 10

*Key Source Int'l v. Ceecolor Industries, LLC,*
   2012 WL 6001059 (N.D. Cal. Nov. 30, 2012) .................................. 11

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
   647 F.3d 1218 (9th Cir. 2011) ...................................................... 7, 11

*Mizokami Bros. of Ariz., Inc. v. Baychem Corp.,*
   556 F.2d 975 (9th Cir. 1977) .............................................................. 12

*Omeluk v. Langsten Slip & Batbyggeri A/S,*
   52 F.3d 267 (9th Cir. 1995) ................................................................. 8

*Pebble Beach Co., v. Caddy,*
   453 F.3d 1151 (9th Cir. 2006) ...................................................... 6, 7, 10

*Pennoyer v. Neff,*
   95 U.S. 714 (1877) ............................................................................... 6

*Roth v. Marquez,*
   942 F.2d 617 (9th Cir. 1985) ................................................................. 8

*Schwarzennegger v. Fred Martin Motor Co.,*
   374 F.3d 797 (9th Cir. 2004) ............................................................ 6, 8

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) ................................................................. 9

*Town of Readsboro v. Hoosac Tunnel & W.R. Co.,*
   (2d Cir. 1925) 6 F.2d 733 .............................................................. 21, 22

*In re Toyota Motor Corp.,*
   790 F.Supp.2d 1152 (C.D. Cal. 2011) .............................................. 17

*U.S. Ethernet Innovations, LLC v. Acer, Inc.,*
   2013 WL 4049572 (N.D. Cal. Aug. 7, 2013) ...................................... 8

*Von Grabe v. Sprint PCS,*
   312 F.Supp.2d 1285 (S.D.Cal. 2003) .......................................... 11, 12

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

**State Cases**

*California Ins. Guarantee Assn. v. Super. Ct.*,
   231 Cal.App.3d 1617 (1991) ................................................................ 23

*Consolidated Theatres, Inc. v. Theatrical Stage Empl. Union, Local 16,*
   69 Cal.2d 713 (1968) ......................................................................... 21

*DeLaura v. Beckett*,
   137 Cal.App.4th 542 (2006) .............................................................. 23

*FPI Dev., Inc. v. Nakashima*,
   231 Cal.App.3d 367, 383 .................................................................... 14

*Intergel Dev. Corp. v. Weissenbach*,
   99 Cal.App.4th 576 (2002) ................................................................. 6

*McDowell v. Watson*,
   59 Cal.App.4th 1155 (1997) .............................................................. 23

*Oasis West Realty, LLC v. Goldman*,
   51 Cal.4th 811 (2011) ....................................................................... 18

*Otworth v. So. Pac. Transp. Co.*,
   166 Cal.App.3d 452 (1985) ................................................................ 14

*Shannon v. Civil Serv. Emp. Ins. Union*,
   169 Cal.App.2d 79 (1959) ........................................................... 17, 21

*Timberline, Inc. v. Jaisinghani*,
   54 Cal.App.4th 1361 (1997) .............................................................. 19

*Zimco Restaurants, Inc. v. Bartenders & Culinary Workers Union, Local 340*
   165 Cal.App.2d 235 (1958) ..................................................... 20, 21, 22

**State Statutes**

*Cal. Civ. Code*
   § 1550 ................................................................................... 16, 18
   § 1605 ................................................................................... 16, 18
   § 1624(a)(1) ................................................................................. 15

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

*Cal. Civ. Proc. Code*
    § 367 .................................................................................................... 18
    § 430.10(g) ........................................................................................... 14

*Cal. Rev. & Tax Code*
    § 23301 ................................................................................................. 19

**Rules**

Fed. Rules Civ. Proc.
    Rule 12(b) ............................................................................................... 3
    Rule 12(b)(2) ............................................................................... 5, 6, 10
    Rule 12(b)(6) ............................................................................... 4, 9, 14
    Rule 12(e) ................................................................................... 4, 10, 24

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff William V.R. Smith has brought this action for alleged breach of contract and for declaratory relief against Specially Appearing Defendant Sprint Corporation. ("Sprint"). However, Plaintiff's Complaint should be dismissed for multiple reasons. <u>First</u>, and most fundamentally, Sprint is a foreign corporation and is not subject to this Court's personal jurisdiction because it lacks the sufficient minimum contacts with California necessary for such jurisdiction to be exercised. <u>Second</u>, Plaintiff has failed to state a claim upon which relief can be granted because he fails to allege the existence of an enforceable contract and cannot demonstrate that he was a party to any contract with Sprint. <u>Alternatively</u>, Plaintiff has failed to plead with sufficient specificity and should be ordered to make a more definitive statement. Sprint submits that this Court need not reach Plaintiff's failures to state a claim upon which relief can be granted or to plead with sufficient specificity as Sprint is the only named defendant in this action and this Court's lack of personal jurisdiction over Sprint is dispositive of Plaintiff's entire case.

Indeed, this Court lacks personal jurisdiction over Sprint because Sprint lacks the sufficient minimum contacts with California necessary for such jurisdiction to be exercised over it in California. Contrary to the erroneous allegations in Plaintiffs' Complaint, Sprint is a Delaware corporation headquartered in Overland Park, Kansas. Sprint is primarily a holding company, owning numerous subsidiary corporations, limited liability companies, limited and general partnerships and other types of business entities. Sprint is not licensed to conduct business in California and conducts no business in California. Sprint does not have a registered agent for service of process in California. Sprint does not collect California sales tax nor file California sale tax returns, nor does it pay any other taxes in California. Sprint does not have any employees in California, does not own or lease any offices or real property in California, does not maintain any corporate records in California, and

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

does not maintain bank accounts in California.  Without any such continuous or systematic contacts with or activities in California, Sprint has not '"purposefully availed" itself of the benefits of the protection of California law and is not subject to the Court's personal jurisdiction.

In the alternative, should this Court decline to dismiss Plaintiff's Complaint for lack of personal jurisdiction, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be based.  Plaintiff does not allege the existence of an enforceable contract and cannot demonstrate that he is a party to any contract with Sprint.  Thus, Plaintiff's Complaint fails as a matter of law to state a claim for breach of contract.  The only other "cause of action" in Plaintiff's Complaint is a claim for declaratory relief, which is not itself an independent cause of action and must be dismissed.

Should this Court decline to dismiss Plaintiff's Complaint in its entirety on either of the grounds listed above (and for all of the reasons stated below), Plaintiff should be ordered to make a more definitive statement.  Plaintiff places at issue an FCC radio station license to broadcast on an 800 MHz frequency in the Los Angeles area that was allegedly "acquired" by Sprint in or before 1997.  Plaintiff fails to allege the nature of that acquisition, fails to attach any evidence of the license at issue or to allege specifics concerning the license or the frequency at issue, and fails to allege or attach evidence concerning the FCC's review or approval of any such acquisition.  Plaintiff's allegations concerning the spectrum or the acquisition agreement(s) at issue are so vague and ambiguous that Sprint cannot reasonably prepare an answer thereto.

For the above reasons, and for all of the reasons stated below, Plaintiff's Complaint should be dismissed in its entirety.  In the alternative, Plaintiff should be ordered to make a more definitive statement.

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

## II.     STATEMENT OF FACTS

### A.     Facts Relevant to Sprint's Motion to Dismiss Pursuant to F.R.C.P. 12(b) for Lack of Personal Jurisdiction

#### 1.     Plaintiff's Erroneous Allegations in the Complaint Regarding Sprint's Business Operations

Plaintiff William V. R. Smith has brought an action against Sprint Corporation for breach of contract and declaratory relief based on unsupported claims that Sprint acquired Plaintiff's FCC radio license rights in or before 1997 in exchange for an agreement by Sprint to provide Plaintiff with "five free phones each year with free service and software forever."  (Complaint, ¶¶ 8-11.)  For all of the reasons stated below, Plaintiff's Complaint fails to state a claim upon which relief can be based.

More fundamentally, however, Plaintiff incorrectly alleges in his Complaint that Sprint Corporation "is a Kansas corporation that conducts business within California and the County of Los Angeles."  (Complaint, ¶ 2.)  Further, Plaintiff incorrectly alleges that "[u]pon information and belief, Sprint Corporation operated under the name Sprint Nextel Corporation after its 2005 merger with Nextel Communications, Inc., and succeeded to all rights and liabilities of Nextel Communications, Inc., a Virginia corporation that conducted business in California between 1993 and 2005."  (*Id.*)

#### 2.     Sprint Corporation's Structure and Business Operations

All of Plaintiffs' allegations regarding Sprint's structure and business operations are erroneous.  As an initial matter, Sprint is a Delaware corporation, with a principal place of business in Overland Park, Kansas.  (Declaration of Robin Cohen ("Cohen Decl."), at ¶ 3.)

Sprint is primarily a holding company, owning numerous subsidiary corporations, limited liability companies, limited and general partnerships and other types of business entities.  (*Id.* at ¶ 4.)

3

Likewise, Sprint has no physical presence in California and does not engage in any general business operations in California.  Sprint is not licensed to conduct business in California and conducts no business in California.  (*Id.* at ¶ 5.)  Sprint does not have a registered agent for service of process in California.  (*Id.* at ¶ 6.)  Concerning tax-related matters, Sprint itself does not collect California sales tax nor file California sale tax returns, nor does it pay any other taxes in California.  (*Id.* at ¶ 7.)  Sprint does not have any employees in California, does not own or lease any offices or real property in California, does not maintain any corporate records in California, and does not maintain bank accounts in California.  (*Id.* at ¶¶ 8-10.)

Operating subsidiaries of Sprint are authorized to provide their services in California using the d/b/a "Sprint."  (*Id.* at ¶ 11.)  Those operating subsidiaries are responsible for service agreement with California customers.  (*Id.*)  The operating subsidiaries of Sprint that do business, and/or provide wireless service, in California each have designated agents for service of process in California and that information is on file with the California Secretary of State.  (*Id.* at ¶ 12.)  Those operating entities maintain ongoing operations and are each currently solvent.  (*Id.*)

**B.**   **Facts Relevant to Sprint's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Based and Motion Pursuant to F.R.C.P. 12(e) for a More Definitive Statement**

Plaintiff alleges that, in 1991, he obtained FCC radio station license rights to broadcast on an 800 MHz frequency in the Los Angeles area.  (Complaint, ¶ 8.)  Plaintiff further alleges that Sprint "acquired Smith's license in or before 1997 in exchange for its agreement to provide Smith with free service for 20 mobile units on the existing network."   (*Id.* at ¶ 10.)   Plaintiff does not allege whether that agreement was written or oral, does not attach any document purporting to be a copy of that agreement, and neither alleges nor attaches any evidence concerning the nature of the "acquisition" by Sprint.  (*See* Complaint, *generally*.)

Plaintiff goes on to allege that, in November 1997, Plaintiff and Sprint put their agreement in writing and purports to attach a copy of that agreement to the Complaint as Exhibit A. (Complaint, ¶ 11, Ex. A.) Plaintiff alleges this time that, in exchange for the radio frequency, Sprint agreed to provide Plaintiff "with five free phones with free service and software *forever*." (Complaint, ¶ 11) (emphasis added.) Exhibit A to the Complaint consists of a letter from Plaintiff to "Nicole" at Nextel that is not signed by any Sprint or Nextel representative. (Complaint, Ex. A.)

Plaintiff alleges that, in October 2001, Plaintiff and Sprint agreed to a modification of the 1997 agreement and purports to attach a copy of that modification to the Complaint as Exhibit B. (Complaint, ¶12, Ex. B.) According to Plaintiff, under the 2001 modification, Sprint again agreed "to provide five free phones and free service every year, *forever*." (Complaint, ¶ 13) (emphasis added.) Exhibit B to the Complaint consists of a letter from Nextel to ArtSci, Inc. and states that it is "a Nextel Service Agreement for Account Number 300710, *ArtSci, Inc*." and states "Nextel Communications is offering the following services *to your company*." (Complaint, Ex. B) (emphasis added.) Further, the "Addendum to Nextel October 1 Agreement," which appears to have been authored and is signed only by Plaintiff, expressly states that "The following items are included in the agreement *between Nextel and ArtSci, Inc.*" and provides that "*ArtSci* is allowed free equipment upgrades (no more than one time per year, per phone)." (*Id.*)

According to the California Secretary of State, ArtSci, Inc. has been suspended by the California Franchise Tax Board. (Request for Judicial Notice ("RJN"), Ex. A.)

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(2) Motion to Dismiss Legal Standards

Under F.R.C.P. 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.

5

When a defendant moves to dismiss for lack of jurisdiction, the "plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co., v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006); *Schwarzennegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Absent a plaintiff's ability to prove service or domicile with the state, consent or minimum contacts, a court lacks personal jurisdiction over a defendant and the action must be dismissed under F.R.C.P. 12(b)(2). *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

A court may consider evidence presented in affidavits to assist in its determination. *Data Disc., Inc. v. Systems Tech Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). Although *uncontroverted* allegations in the complaint must be taken as true, a court ***may not*** assume the truth of such allegations if they are contradicted by affidavit. *See AT&T v. Companie Bruxelles Lampert,* 94 F.3d 586, 588 (9th Cir. 1996); *Data Disc*, 557 F.2d at 1284. Further, a court *may not* take as true plaintiff's allegations supporting jurisdiction when they are based ***solely*** on an unverified complaint or opposition brief for purposes of a motion to dismiss for lack of personal jurisdiction. *Gofron v. Picsel Technologies, Inc*., 804 F.Supp.2d 1030, 1037 (N.D. Cal. 2011).

Traditionally, the bases for personal jurisdiction include service or domicile within the state where the lawsuit is proceeding, or consent. *Pennoyer v. Neff,* 95 U.S. 714, 722 (1877). Here, it is undisputed that Sprint was not served in California, is not domiciled in California, and that it otherwise has not consented to jurisdiction over the courts in California. Therefore, the Court must look to California's long arm statute, which permits the exercise of personal jurisdiction to the same extent as permitted under the United States Constitution. *See Intergel Dev. Corp. v. Weissenbach*, 99 Cal.App.4th 576, 583 (2002). "There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional

principles of due process." *Gofron,* 804 F.Supp.2d. at 1035 (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990)). "California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis." *Id.* (citing *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 (9th Cir. 1993)).

Accordingly, in order to determine that the exercise of personal jurisdiction over nonresident Sprint is proper in this action, the Court must find that the "exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co., supra,* 453 F.3d at 1154-55.

In making this determination, a court may exercise general or specific jurisdiction over a non-resident defendant.

### 1.    General Jurisdiction

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause *unless* the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316. The Ninth Circuit has emphasized that the standard for establishing general jurisdiction is exacting. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1224 (9th Cir. 2011) (int. quot. omitted). Therefore, general jurisdiction exists only where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

"To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider their [l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Mavrix,* 647 F.3d at 1224. In other words, the court looks at the economic reality of the defendant's activities in the state and

considers factors such as "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft*, 223 F.3d at 1082.

### 2.    Specific Jurisdiction

"[A] court may … exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state which are related to the plaintiff's claim." *California State Auto. Ass'n Inter-Ins. Bureau v. John Guest USA Inc.*, 2010 WL 4589813 at *2-3 (N.D. Cal. Nov. 3, 2010), citing *Data Disc, Inc.,* 557 F.2d at 1287. The Ninth Circuit has articulated a three prong test to determine whether specific jurisdiction exists:  "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable."  *Roth v. Marquez,* 942 F.2d 617, 620–21 (9th Cir. 1985) (emph. omitted).  Each of these conditions must be satisfied in order to exercise specific personal jurisdiction, otherwise jurisdiction in the forum would deprive the defendant of due process of law. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4049572, at *3 (N.D. Cal. Aug. 7, 2013) (citing *Insurance Co. of N. Am. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir. 1981)); *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

"The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger,* 374 F.3d at 802.  Only where "the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

"Purposeful availment, which satisfies the first part of the Ninth Circuit test, requires a finding that the defendant has performed some type of affirmative

8

conduct which allows or promotes the transaction of business within the forum state." *Unocal,* 248 F.3d at 924. (int. quot. omitted).  The Supreme Court in *Calder v. Jones* held that a foreign act that is both aimed at and has "effect" in the forum state satisfies the purposeful availment prong of specific jurisdiction analysis.  465 U.S. 783, 790 (1984); *Bancroft,* 223 F.3d at 1087.  To meet the so-called "effects test", defendant must have (1) committed an intentional act that was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state. *Id.*

As such, the exercise of specific personal jurisdiction is proper only where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).  Purposeful availment occurs only where "defendant deliberately has engaged in significant activities within a State … or has created continuing obligations between himself and residents of the forum," thereby manifestly availing "himself of the privilege of conducting business there."  *Id.*

## B.   Rule 12(b)(6) Motion to Dismiss Legal Standard

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Indeed, a plaintiff must make factual allegations sufficient to raise a right to relief above the speculative level.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  Dismissal is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *See Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).

1

2       **C.**    **Rule 12(e) Motion for a More Definitive Statement Legal Standard**

3     "A party may move for a more definite statement of a pleading to which a

4 responsive pleading is allowed but which is so vague or ambiguous that the party

5 cannot reasonably prepare a response." *Fed. R. Civ. Proc.* 12(e).

6  **IV.**  **ARGUMENT**

7      **A.**    **Plaintiff's Complaint Should Be Dismissed for Lack of Personal**

8           **Jurisdiction Pursuant to F.R.C.P. 12(b)(2)**

9     As stated above, Plaintiff bears the burden of demonstrating that the court has

10 jurisdiction over Sprint. *E.g.*, *Pebble Beach Co.,* 453 F.3d at 1154 (9th Cir. 2006).

11 Absent Plaintiff's ability to prove service or domicile with the state, consent, or

12 minimum contacts, this Court lacks personal jurisdiction over Sprint and the action

13 must be dismissed under F.R.C.P. 12(b)(2). *See Int'l Shoe Co.,* 326 U.S. at 316.

14        **1.**    **Plaintiff Cannot Demonstrate that this Court Has Personal**

15            **Jurisdiction over Sprint**

16           a.    Sprint Lacks Sufficient Minimum Contacts with California

17     As a preliminary matter, Plaintiff's allegations supporting the exercise of

18 ostensible personal jurisdiction over Sprint may not be taken as true because they

19 are based solely on his *unverified* Complaint. *See Gofron,* 804 F.Supp.2d at 1037.

20 Likewise, because those allegations are contradicted by Sprint's affidavit, they may

21 not be taken as true. *See AT&T*, 94 F.3d at 588. Indeed, Sprint has proffered the

22 declaration of one of its officers that directly contradicts Plaintiffs' erroneous

23 allegations that Sprint has been actively conducting business in California. (*See*

24 Cohen Decl., ¶¶ 3-12); *Data Disc.,* 557 F.2d at 1285 (a court may consider evidence

25 presented in affidavits to assist in its determination).

26     To that end, Sprint's proffered declaration establishes that it does not have

27 "substantial or continuous and systematic" contacts with California.  Sprint has no

28 physical presence in California, is not licensed to and does not conduct any business

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

in California, does not have a registered agent for service of process in California, does not own or lease any property in California, and does not have any employees in California.  (*See* Cohen Decl., at ¶¶ 5, 6, 8-10.)  Further, Sprint does not collect California sales taxes or file California sales tax returns, and it does not pay any other taxes in California.  (*Id.* at ¶ 9.)

On analogous facts involving Sprint Corporation, in *Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1295-97 (S.D.Cal. 2003) ("*Von Grabe*"), the Southern District of California found that personal jurisdiction could not be exercised as to Sprint Corporation.  Based on the entity's lack of operations in California, including its lack of property in California, lack of offices in California, the fact that it was not registered to conduct business in California, and lack of officers or employees in California, the Court noted that "[s]uch lack of contacts generally are held sufficient to successfully challenge the exercise of general jurisdiction" and dismissed the entity for lack of personal jurisdiction.  *Id.* at 1295.  *See also Key Source Int'l v. Ceecolor Industries, LLC*, 2012 WL 6001059 at *2 (N.D. Cal. Nov. 30, 2012) (general jurisdiction was not proper where defendants were incorporated in Delaware, did not reside in California, were not domiciled in California and did not maintain an office or conduct business in California); *Mavrix,* 647 F.3d at 1225 (the alleged contacts did not meet the exacting standard where the defendant showed it had  no offices or staff in California, had no registered agent for service of process, did not pay state taxes, and did not market its own business in California); *Beene v. Beene*, 2012 WL 3583021 at *4 (N.D. Cal. Aug. 20, 2012) (burden for establishing general jurisdiction not met where company's chief financial officer attested that it "is not registered to do business in California, has no registered agent in California, has no sales officers or distributors in California, has no California licenses or permits, and has not filed suit in California," and that it "has no employees in California, does not directly target media advertising or marketing to California, does not maintain warranty or service facilities in California, does not have an office

1  in California, does not have a bank account in California, does not own property in
2  California . . .").

3      Sprint's contacts with California are not "so substantial" or "continuous and
4  systematic" as to justify haling Sprint into California on any claim arising anywhere.
5  *See Bancroft*, 223 F.3d at 1086.

6      **2.**      **Plaintiff Cannot Demonstrate that this Court Has Specific**
7                  **Personal Jurisdiction over Sprint**

8      As discussed at length above, Sprint does not conduct any business in
9  California.  Plaintiffs have failed to allege any uncontroverted facts that demonstrate
10 that Sprint engages in any significant activities within California.  *See Burger King*
11 *Corp.*, 471 U.S. at 475-76 (purposeful availment occurs where "defendant
12 deliberately has engaged in significant activities within a State … or has created
13 continuing obligations between himself and residents of the forum" thereby
14 manifestly availing "himself of the privilege of conducting business there.")

15     In *Von Grabe*, the court analyzed specific jurisdiction as to Sprint
16 Corporation and, on the basis of analogous facts before this Court, found no
17 evidence to support the exercise of specific personal jurisdiction as well.   213
18 F.Supp.2d at 1295-97.  Accordingly, because Sprint has not purposefully availed
19 itself of the privileges of conducting business in California, it is not subject to
20 specific personal jurisdiction in California.

21     **3.**      **Sprint Cannot Be Subject to Jurisdiction in California**
22                 **Merely Because its Operating Subsidiaries Do Business Here**

23     Nor can Sprint be subject to jurisdiction in California merely because its
24 operating subsidiaries do business here.  It is well-established that a court may not
25 exercise personal jurisdiction over a parent corporation merely because it has
26 jurisdiction over a subsidiary.  *See, e.g., Holland Am. Line Inc. v. Wärtsilä N. Am.,*
27 *Inc.*, 485 F.3d 450 (9th Cir. 2007); *Mizokami Bros. of Ariz., Inc. v. Baychem Corp.*,
28 556 F.2d 975, 977 (9th Cir. 1977) ("[t]he mere existence of the parent subsidiary

12

relationship is not alone a sufficient basis for long arm jurisdiction of the parent."). The Court of Appeals for the Ninth Circuit's holding in *Holland Am. Line* is controlling precedent on point.  In that case, the Ninth Circuit dismissed Wärtsilä, a foreign corporation, for lack of personal jurisdiction despite allegations that the company's subsidiaries had manufactured, designed, or sold the engine alleged to have caused fire in a cruise ship.  *Id.* at 454.  As the Court in *Holland Am. Line* held:

> Wärtsilä itself has not put any products into the stream of commerce that might have ended up in the forum, whether through a distributorship agreement or otherwise.  That alone ends the inquiry. To the extent that [Plaintiff] seeks to impute the activities of Wärtsilä NA [the subsidiary] to Wärtsilä, this argument has little traction.  It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one, i.e., Wärtsilä NA, in a forum state may not be attributed to the other, i.e., Wärtsilä.

*Id.* at 459 (emphasis in original) (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001)).

Courts have permitted a parent corporation's relationship with a subsidiary to confer personal jurisdiction over the parent ***only*** if the subsidiary is acting as the parent company's alter ego under the forum state's law.  *See, e.g, AT&T*, 94 F.3d at 590-91 (rejecting jurisdiction where no showing of alter ego status).  Plaintiff's Complaint, however, does not allege any alter ego relationship between Sprint and any of its subsidiaries.  Nor could it.

Plaintiff cannot proffer any evidence to show that any of Sprint's subsidiaries were the alter ego of Sprint and does not even allege such.  Indeed, there is no allegation of fraud or misuse of the corporate form, and there is no allegation that fundamental injustice or unfairness would result if this Court declined to pierce the corporate veil.  (*See* Complaint, *generally*.)  The absence of such allegations, by itself, warrants the conclusion that the Complaint fails to allege facts sufficient to support an alter ego theory in this case.  Thus, Plaintiff cannot establish jurisdiction

13

over Sprint based on the presence of its subsidiaries. Under these circumstances, Plaintiff fails to establish the existence of personal jurisdiction over Sprint and this Court should dismiss the Complaint in its entirety.

### B.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6)

#### 1.   Plaintiff's First Cause of Action for Breach of Contract Fails to State a Claim

##### a.   Plaintiff Fails to Plead the Existence of a Contract

In a breach of contract action, the plaintiff must plead the existence of a contract, its terms which establish the obligation in issue, plaintiff's performance of the contract or excuse for nonperformance, and the breach of that obligation. *FPI Dev., Inc. v. Nakashima*, 231 Cal.App.3d 367, 383 (1991); *Otworth v. So. Pac. Transp. Co.*, 166 Cal.App.3d 452, 458-59 (1985).  Further, the complaint must indicate on its face whether the contract is written, oral, or implied by conduct. *Otworth*, 166 Cal.App.3d at 458-59; Cal. Civ. Proc. Code § 430.10(g).  "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of a written instrument must be attached and incorporated by reference." *Otworth*, 166 Cal.App.3d at 459.

###### (1)   *Plaintiff's Allegations Concerning an Agreement "in or before 1997" Do Not Allege the Existence of a Contract*

Plaintiff alleges that, in 1991, he "obtained FCC radio station license rights to broadcast on an 800 MHz frequency in the Los Angeles area," and that "Sprint acquired Smith's license in or before 1997 in exchange for its agreement to provide Smith with free service for 20 mobile units on the existing network (a trunked system)."  (Complaint, ¶¶ 8, 10.)  This does not allege the existence of a contract. Plaintiff does not allege whether the agreement was written or oral.  Nor does he allege the terms of that agreement—when it was entered into ("in or before 1997" is vague at best), the nature of Sprint's "acquisition" of his license, the value of the

14

free service he was allegedly given, how long that service was to last, etc.—that establish the obligation at issue. Nor does Plaintiff allege that he performed under the terms of the agreement—he neither pleads nor provides evidence that he transferred or assigned any FCC license to Sprint—or that he was excused from doing so.

*(2)*     *Plaintiff's Allegations Concerning "the 1997 Agreement"*

*Do Not Allege the Existence of a Contract*

Plaintiff goes on to allege that "[i]n November 1997, Smith and Sprint put their agreement in writing" and attaches a November 17, 1997 letter that Plaintiff wrote to Nextel as evidence of that agreement. (Complaint, ¶ 11, Ex. A) (the "1997 Letter".) Contrary to Plaintiff's allegations in Paragraph 11 of the Complaint, the 1997 Letter does *not* demonstrate that "in exchange for the radio frequency, Sprint agreed to provide Smith with five free phones each year with free service and software forever." The 1997 Letter is a one-sided correspondence, unsigned by Sprint/Nextel; does not provide for any consideration by Plaintiff; and does not, by its express language, provide for an agreement that is to last "forever."

<u>First</u>, Plaintiff's November 1997 letter purports to memorialize an agreement whereby Plaintiff would be given five Nextel phones and would be allowed to exchange that equipment once a year for new equipment, with no expiration to the agreement. (Complaint, Ex. A.) Thus, Plaintiff asserts the existence of an agreement between himself and Sprint/Nextel that, by its terms, was not to be performed within a year from the making thereof. Such an agreement falls squarely within the Statute of Frauds, and is invalid unless in writing and signed by the party to be charged. *Cal. Civ. Code* § 1624(a)(1) ((a) "The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged . . . (1) An agreement that by its terms is not to be performed within a year from the making thereof.") The 1997 Letter is a one-

15

sided communication from Plaintiff to Nextel, is unsigned by Nextel and is, thus, invalid and does not constitute an enforceable contract.

Second, Plaintiff's November 1997 letter does not provide for any consideration by Plaintiff. "It is essential to the existence of a contract that there should be: 1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and 4. A sufficient cause or consideration." *Cal. Civ. Code.* § 1550. "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled . . . is a good consideration for a promise." *Cal. Civ. Code* § 1605. By its plain language, the 1997 Letter is an apparent acceptance by Plaintiff of a Nextel offer to provide Plaintiff with five Nextel phones with Nextel service at no charge. (Complaint, Ex. A.) Nowhere in the 1997 Letter is any recitation of a benefit to be conferred by Plaintiff upon Sprint/Nextel in consideration for this offer. Nowhere in the 1997 Letter is it stated, as Plaintiff would have this Court believe, that "in exchange for the radio frequency, Sprint agreed to provide Smith with five free phones each year with free service and software." And by Plaintiff's own admissions, "Sprint acquired Smith's license in or before 1997," rendering it impossible that "[u]nder the 1997 Agreement, Smith's performance was complete at the outset when he transferred his rights." (Complaint, ¶ 11.) Plaintiff could not have performed under "the 1997 Agreement" by transferring to Sprint something that it already had, as this does not constitute consideration. Because the 1997 Letter lacks any consideration by Plaintiff, it cannot and does not constitute a contract between the parties.

Third, contrary to Plaintiff's allegations, the 1997 Letter does not purport to memorialize an agreement by Nextel to provide phones and service "forever," but rather states Plaintiff's understanding that "there is no expiration to this agreement." (Complaint, Ex. A.) As demonstrated fully below, even if there were a contract, which Sprint expressly denies, there is a distinct difference between contracts

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS. OR. IN THE ALTERNATIVE. MOTION FOR A MORE DEFINITE STATEMENT

without a specific end date, and thus terminable at will by either party, and contracts that are to compel perpetual performance.

> Contracts for life or in perpetuity will only be upheld when the intention is clearly expressed in unequivocal terms, and courts are prone to hold against the theory that a contract infers a perpetuity of right or imposes a perpetuity of obligation, and they will only construe a contract to impose such an obligation when the written document itself compels the construction and none other.

*Shannon v. Civil Serv. Emp. Ins. Union* (1959) 169 Cal.App.2d 79, 81.  The 1997 Letter, while not a contract for all of the reasons stated above, does not by its express terms claim to impose an obligation for life or in perpetuity, but rather merely states that there is not a set expiration date.

> *(3)     Plaintiff's Allegations Concerning "the 2001 Modification"*
> *Do Not Allege the Existence of a Contract*

Plaintiff alleges that, in October 2001, "Sprint and Smith agreed to a modification of the 1997 Agreement," and attaches that alleged "modification" as Exhibit B.  (Complaint, ¶ 12, Ex. B) (the "2001 Letter".)  Again, Plaintiff fails to allege the existence of a contract for multiple reasons.

First, the 2001 Letter is, by its express language, "a Nextel Service Agreement," and not a modification of any pre-existing agreement between the parties.  (Complaint, Ex. B.)  To the extent that a contract was formed between the Plaintiff and Nextel in 1997, which Sprint expressly denies for all of the reasons stated above, the 2001 Letter expressly states that, because the 20 trunk system was no longer available, Nextel's performance under any previous agreement to provide that service had become impossible, and that any such agreement was expressly extinguished.  "California law has long recognized that impossibility of performance will excuse a party's performance under a contract."  *In re Toyota Motor Corp.* (C.D. Cal. 2011) 790 F.Supp.2d 1152, 1175 (citing *Mineral Park Land Co. v. Howard* (1916) 172 Cal. 289, 291).)

17

Second, Plaintiff fails to allege the existence of a contract because the 2001 Letter lacks any consideration on the part of Plaintiff.  Neither the 2001 Letter nor the Addendum thereto creates any obligation for Plaintiff or requires Plaintiff to confer any benefit upon Sprint/Nextel.  As stated above, it is essential to the existence of a contract that there be sufficient consideration, consisting of a benefit conferred upon the promisor to which the promisor is not lawfully entitled.  *Cal. Civ. Code.* §§ 1550, 1605.  The 2001 Letter is an entirely one-sided offer from Nextel to ArtSci, Inc., not to Plaintiff.  (Complaint, Ex. B.)  And, again, by Plaintiff's own allegations, "Sprint acquired Smith's license in or before 1997," rendering it impossible for that license to serve as valuable consideration for a new agreement.  Because the 2001 Letter lacks any consideration by Plaintiff, it cannot and does not constitute a contract.

b.    To the Extent that a Contract Was Formed, Plaintiff Is Not a Party Thereto and Lacks Standing to Sue

It is elemental that to prevail on an action for breach of contract, a party must prove the following: (1) *the existence of a contract between the parties*, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach and (4) resulting damages to plaintiff.  *E.g. Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.  "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute."  *Cal. Civ. Proc. Code* § 367.

Plaintiff is not a party to the 2001 Letter.  (Complaint, Ex. B.)  The 2001 Letter is addressed to ArtSci Inc. and the body of the letter states clearly that "This is a Nextel Service Agreement for Account Number 300710, ***ArtSci Inc***." and that "Nextel Communications is offering the following services ***to your company***."  (*Id.*)  ArtSci is the party listed as being responsible for cellular overages and ArtSci is the party given the option to request to change rate plans or add new services at any time.  (*Id.*)  Further, the "Addendum to Nextel October 1 Agreement," which appears to have been authored and is signed only by Plaintiff, expressly states that

18

"The following items are included in the agreement **between Nextel and ArtSci, Inc.**" and provides that "*ArtSci* is allowed free equipment upgrades (no more than one time per year, per phone)." (*Id.*)

Plaintiff attempts to plead around this by alleging in his Complaint, without any evidence to support the statements, that "Although the 2001 Modification includes references to ArtSci, Inc., Smith was the contracting party and signed it himself, received the benefits himself, and was later assigned all assets of ArtSci, Inc., including rights under the 2001 Modification which were fully assignable." (Complaint, ¶ 12.)  However, Plaintiff's allegation contradicts the express terms of the written documents attached to Plaintiff's Complaint and must be disregarded.

That Plaintiff would attempt to plead around the express terms of the 2001 Letter is not surprising given that ArtSci, Inc. has long been suspended by the California Franchise Tax Board for failing to pay taxes and, thus, is prohibited from initiating litigation.  (RJN, Ex. A); *Cal. Rev. & Tax Code* § 23301 ("the corporate powers, rights and privileges of a domestic taxpayer may be suspended" if any tax due and payable is not paid); *Timberline, Inc. v. Jaisinghani*, 54 Cal.App.4th 1361, 1365 (1997) ("This means a suspended corporation may not prosecute or defend an action in a California court.").

ArtSci, Inc. is prohibited from bringing suit for any alleged cancellation by Sprint (or Nextel) of its rights under the 2001 Letter.  And Plaintiff is prohibited from bringing suit for any such alleged cancellation because ArtSci, and not Plaintiff, is the expressly named party to any 2001 agreement with Nextel.  Plaintiff is further prohibited from bringing suit against Sprint Corporation because Sprint is also expressly not a party to the 2001 Letter.  Plaintiff lacks standing to allege any breach of an agreement between Sprint (or Nextel) and ArtSci, Inc., the real party in interest.

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

c.    <u>Plaintiff Fails to Allege a Breach of Contract</u>

Not only should Plaintiff's Complaint be dismissed because he has failed to plead even the existence of a contract and because he lacks standing to sue thereunder, but it should be dismissed for failure to state a claim because Plaintiff has not plead any breach of a contract by Sprint.  Plaintiff would have this Court believe the following:

- "Under the 1997 Agreement, Sprint agreed to provide Smith with five free phones each year with free service and software ***forever***." (Complaint, ¶ 11) (emphasis added.)

- "Not only was Sprint's performance to be ***forever***, it was unconditional—there was no limitation on Sprint's performance (e.g., if the frequency became outdated by technological advances or otherwise, Sprint still had to perform)."  (*Id.*)

- "Under the 2001 Modification, Sprint again agreed to provide five free phones and free service every year, ***forever***."  (Complaint, ¶ 13) (emphasis added.)

- "In November 2014, Sprint breached its obligations under the 1997 Agreement and 2001 Modification by terminating [Plaintiff's] phone service."  (Complaint, ¶ 20.)

However, Plaintiff's allegations concerning Sprint's "breach" of the parties' alleged agreement(s) are belied by the express terms of both the 1997 Letter and the 2001 Letter.  In the 1997 Letter, Plaintiff purports to memorialize his understanding of a conversation he had with a Nextel employee, stating "there is no expiration to this agreement."  (Complaint, Ex. A.)  And, as Plaintiff admits in Paragraph 13 of the Complaint, the 2001 Letter expressly states that "**THERE IS NOT AN END DATE TO THIS AGREEMENT.**"  (Complaint, Ex. B.)

California draws a distinction between contracts without an end date and contracts that, by their express terms, compel perpetual performance.  *Zimco*

20

*Restaurants, Inc. v. Bartenders & Culinary Workers Union, Local 340*, 165 Cal.App.2d 235, 238 (1958). "It is not often that a promise will be properly interpreted as calling for perpetual performance. [citation] A construction conferring a right in perpetuity will be avoided unless compelled by the unequivocal language of the contract. [citation] A contract will be construed to impose an obligation in perpetuity only 'when the language of the agreement *compels* that construction.'" *Id.* (internal quotations and citations omitted) (emphasis in original); *Shannon* 169 Cal.App.2d at 81 ("[c]ontracts for life or in perpetuity will only be upheld when the intention is clearly expressed in unequivocal terms, and courts are prone to hold against the theory that a contract infers a perpetuity of right or imposes a perpetuity of obligation.")

In some cases, by looking at the nature of an agreement and the totality of circumstances, it can be determined that the obligations of an agreement were impliedly conditioned as to duration upon the occurrence or nonoccurrence of some event or situation. *Consolidated Theatres, Inc. v. Theatrical Stage Empl. Union, Local 16* (1968) 69 Cal.2d 713, 725-26 (citing *Town of Readsboro v. Hoosac Tunnel & W.R. Co.* (2d Cir. 1925) 6 F.2d 733.) In *Town of Readsboro*, plaintiff town and defendant company entered into a contract whereby company was to erect a bridge for the purpose of accommodating a highway to serve the town and a railroad owned and operated by the company. The costs of maintaining the bridge were to be borne equally by the town and the company. The bridge was built, and both parties paid their half of the expenses pursuant to the contract for a period of 20 years, at which point the company decided to change from narrow to standard gauge on its entire railroad, which the bridge was too weak to support. The company removed its tracks from the bridge, and ceased to use the bridge for any purpose. The town subsequently undertook substantial repairs of the bridge, and asked the company to bear half of the expenses, but the company refused to do so. The court of appeal held that the contract, although it contained no express term of duration, was

impliedly conditioned as to the duration upon the company's continued use of the bridge for its railroad. The court, speaking through Judge Learned Hand, stated:

> [The contract] was in terms unlimited in time, and the plaintiff apparently reasons that the defendant is bound forever to pay one-half of the expenses of maintenance. This seems to us untenable. Had the parties expressed the intention to make a promise for perpetual maintenance, we should, of course, have nothing to say; their words would be conclusive. But they did not, and, as no time is expressly fixed, we must look to the circumstances to learn what they meant. Their purpose is pretty evident. The railroad was to have the use of the bridge, and in using it would help wear it out. It was reasonable, therefore, that it should share the expenses of its upkeep. But, if at any time that use ceased, plainly there was no reason, either in good sense or in justice, that it should continue to pay for what it got no use of, and what it no longer helped to destroy. The purpose can hardly have been to supply the town with a bridge forever. This we think was the measure of the original covenant.

6 F.2d at 735.

A contract is without an end date regardless of whether the contract is silent as to the end date or whether the contract expressly states that it has no end date. *California Earthquake Auth. V. Metro. W. Sec., LLC*, 712 F.Supp.2d 1124, 1131-32 (E.D. Cal. 2010). In *California Earthquake*, the contract at issue stated that it had "no defined duration," language that the court found left it "up to the parties to decide when the Agreement terminates." *Id.* This is so because contracts without an end date are considered to be terminable at will by either party, as compared with contracts that compel perpetual performance, which must be terminated by agreement of both parties. *Zimco*, 165 Cal.App.2d at 240.

Both the 1997 Letter and the 2001 Letter contemplate an agreement without an end date and, thus, are terminable at will by either party. Despite Plaintiff's allegations, neither of these letters contains the word "forever" or any promise or agreement by Sprint or Nextel to continue to provide Plaintiff or ArtSci, Inc. with

22

either phones or service into perpetuity.  And Plaintiff admits that the frequencies allegedly acquired by Nextel were later acquired by the federal government for purposes of converting them for exclusive use by first responders.  (Complaint, ¶ 14.)  Regardless of how long after the acquisition of those frequencies by the federal government Sprint or Nextel continued to gratuitously provide ArtSci, Inc. with free equipment or services, there was no enforceable contract and, in any event, any agreement between Nextel and ArtSci was terminable at will by either party. Sprint's decision to stop providing ArtSci, Inc. with free service cannot, and does not, constitute a breach of any agreement.

Because Plaintiff fails to allege either the existence of a contract, or a breach thereof, Plaintiff's first cause of action must be dismissed for failure to state a claim upon which relief can be based.

> **2.     Plaintiff's Second Cause of Action for Declaratory Relief Fails as a Matter of Law Because it Is Not a Distinct Cause of Action**

Plaintiff's cause of action for declaratory relief fails as a matter of law as declaratory relief is not an independent cause of action, but rather is a form of relief. *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997).  As a result, a claim for declaratory relief is improper where it merely replicates other substantive causes of action asserted in the pleading. *California Ins. Guarantee Assn. v. Super. Ct.*, 231 Cal.App.3d 1617 (1991).  Where the very issues raised in the claim for declaratory judgment will be resolved by other causes of action before the court, the claim for a declaratory judgment is unnecessary and serves no useful purpose. *Id.* at 1623.  Courts may dismiss declaratory relief claims where it is evident from the face of the pleading that there is insufficient basis for such claim. *See DeLaura v. Beckett*, 137 Cal.App.4th 542, 545 (2006).

Plaintiff's "cause of action" for declaratory relief expressly asks this Court to consider the parties' "respective legal rights and obligations under the 1997

Agreement and 2001 Modification" on the grounds that Plaintiff contends that Sprint has "a duty and obligation to provide equipment, service, and yearly upgrades for five phones forever, and that he has an assignable property right." (Complaint, ¶ 24.)  Plaintiff further alleges that "Sprint disputes this contention and contends that it is not obligated to continue to perform the 1997 Agreement and 2001 Modification."  (*Id.*, ¶ 25.)  This is precisely what Plaintiff asks this Court to determine in his First Cause of Action for Breach of Contract.  (*Id.*, ¶ 17 [incorporating by reference all previous allegations concerning the respective rights and obligations of the parties pursuant to the alleged agreements] – ¶ 22.)

For all of the reasons stated above, Plaintiff's First Cause of Action fails to state a claim upon which relief can be based and should be dismissed.  As Plaintiff fails to state a single viable cause of action, his declaratory relief claim in turn fails as a matter of law.

## C.   In the Alternative, Plaintiff Must Provide a More Definite Statement Pursuant to F.R.C.P. 12(e)

Lastly, should this Court decline for either of the above reasons to dismiss Plaintiff's Complaint in its entirety, Plaintiff should be ordered to make a more definitive statement.  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  *Fed. R. Civ. Proc.* 12(e).

Plaintiff places at issue an FCC radio station license to broadcast on an 800 MHz frequency in the Los Angeles area that was allegedly "acquired" by Sprint in or before 1997.  (Complaint, ¶ 10.)  Plaintiff fails to allege the nature of that acquisition, fails to attach any evidence of the license at issue or to allege specifics concerning the license or the frequency at issue, and fails to allege or attach evidence concerning the FCC's review or approval of any such acquisition.  (*See* Complaint, *generally*.)  Plaintiff's allegations concerning the spectrum or the acquisition agreement(s) at issue are so vague and ambiguous that Sprint cannot

24

reasonably prepare an answer thereto.

**V.**     **CONCLUSION**

For the foregoing reasons, Defendant Sprint Corporation respectfully requests from this Court an order dismissing Plaintiff's Complaint with prejudice on the grounds that this Court lacks personal jurisdiction over Sprint.  Alternatively, Sprint respectfully requests an order dismissing Plaintiff's Complaint with prejudice because Plaintiff fails to state a claim upon which relief can be based.  Alternatively, Sprint respectfully requests an order requiring Plaintiff to make a more definitive statement.


DATED: April 30, 2015                    MCGUIREWOODS LLP


                                    By:   /s/ Laura Coombe
                                         A. Brooks Gresham
                                         Laura E. Coombe
                                    Attorneys for Sprint Corporation

SPECIALLY APPEARING DEFENDANT SPRINT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT