MICHAEL G. KING (SBN 145477)
SHEILA WIRKUS PENDERGAST (SBN 251562)
**HENNELLY & GROSSFELD LLP**
4640 Admiralty Way, Suite 850
Marina del Rey, California 90292
Telephone: (310) 305-2100
Facsimile: (310) 305-2116
Email: mking@hgla.com
Email: spendergast@hgla.com

Attorneys for Plaintiff
William V. R. Smith

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| WILLIAM V. R. SMITH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT CORPORATION, a Kansas corporation, and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:15-CV02485 MWF (ASx)<br><br>Assigned to: Hon. Michael W. Fitzgerald<br>Courtroom No.:1600 – 16th Floor<br><br>**PLAINTIFF WILLIAM V. R. SMITH'S NOTICE OF MOTION AND MOTION TO REMAND ACTION UNDER 28 U.S.C. § 1447(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 1, 2015<br>Time: 10:00 A.M.<br>Courtroom: 1600 - 16th Floor<br><br>Complaint Filed: February 23, 2015<br>Trial Date: None |

{00212846}

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff William V. R. Smith will and hereby does move the Court for an order remanding this action to the Superior Court of the State of California, County of Los Angeles, under 28 U.S.C. § 1447(c). This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Monday April 27, 2015.

Dated: May 1, 2015                                **HENNELLY & GROSSFELD LLP**

By: /s/ Sheila Wirkus Pendergast
Michael G. King
Sheila Wirkus Pendergast
Attorneys for Plaintiffs
William V. R. Smith

## I. INTRODUCTION.

William V. R. Smith sued Sprint Corporation in the Los Angeles County Superior Court on February 23, 2015. Sprint was served by mail—its designated agent signed the certified mail receipt on February 27. After the mandatory deadline for removing the case to federal court had passed, Sprint filed its petition for removal. Because Sprint's petition is untimely and the statutory deadline is construed strictly so as to favor the strong presumption against removal jurisdiction, Smith respectfully requests that the court remand the case to the Los Angeles County Superior Court.

## II. SPRINT'S NOTICE OF REMOVAL IS UNTIMELY.

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). "As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993); *Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

On February 24, 2015, Smith sent the summons and complaint by certified mail to Corporation Service Company, Sprint's authorized agent for service of process. Pendergast Decl., Exhs. A, B & C. The agent received the summons and complaint on February 27, as reflected in the certified mail return receipt signed by the agent. Pendergast Decl., Exh. D. Sprint had 30 days, or until March 26, to file a petition to remove the case. 28 U.S.C. § 1446(b); *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d at 968 [service is complete upon receipt of complaint by authorized agent]; *Pochiro v. Prudential Ins. Co.*, 827 F.2d at 1249. Sprint, however, filed its petition 36 days later on April 3, 2015. Thus, its petition is untimely.

## III. THE STATUTORY DEADLINE FOR FILING A NOTICE OF REMOVAL IS MANDATORY.

"The right to remove a state court action to federal court on diversity grounds is statutory [citation], and must therefore be invoked in strict conformity with statutory requirements. (Citation.) In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 8686, 872, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The "statutory time limit is mandatory," and "federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d at 1045-46. The mandatory requirement and rigorous application are in keeping with the "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d at 566.

In its petition for removal, Sprint did not produce any evidence or allege any facts showing that service on its designated agent was not effective, or that it should not be bound by the general rule that a complaint is considered received by a corporation when it is received by the corporation's authorized agent. See *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d at 968; *Pochiro v. Prudential Ins. Co.*, 827 F.2d at 1249. Rather, the only evidence is that Sprint's agent for service of process received the summons and complaint on February 27, and that Sprint filed its petition for removal well after the 30-day time limit. Because Sprint failed to comply with the mandatory deadline, and there is a strong presumption against removal, the case should be remanded to the state court where it was filed.

/ / /

/ / /

HENNELLY & GROSSFELD, LLP
4640 ADMIRALTY WAY, SUITE 850
MARINA DEL REY, CA 90292
(310) 305-2100

## IV. CONCLUSION.

For all the foregoing reasons, Smith respectfully requests that the court remand the case based on Sprint's untimely notice of removal.

Dated: May 4, 2015

**HENNELLY & GROSSFELD LLP**

By: /s/ Sheila Wirkus Pendergast
Michael G. King
Sheila Wirkus Pendergast
Attorneys for Plaintiffs
William V. R. Smith

HENNELLY & GROSSFELD, LLP
4640 ADMIRALTY WAY, SUITE 850
MARINA DEL REY, CA 90292
(310) 305-2100

{00212846}

3
PLAINTIFF WILLIAM V. R. SMITH'S NOTICE OF MOTION AND MOTION TO REMAND ACTION UNDER 28 U.S.C. § 1447(c)