UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-02485-MWF (ASx)**                    Date:  **June 9, 2015**
Title:       William V. R. Smith  -v- Sprint Corporation, et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                              None Present

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND [16] [18]

    Before the Court are two motions, one filed by Plaintiff William Smith and one filed by Defendant Sprint Corporation ("Sprint").  Sprint filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), or, in the Alternative, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e) (the "Sprint Motion") on April 30, 2015.  (Docket No. 16).  Plaintiff filed a Motion to Remand Action Under 28 U.S.C. § 1447(e) (the "Remand Motion") on May 4, 2015.  (Docket No. 18).

    Sprint filed an Opposition to Motion to Remand (the "Remand Opposition") on May 11, 2015.  (Docket No. 20).  On the same day, Plaintiff filed his Opposition to Sprint Corporation's Motion to Dismiss (the "Plaintiff's Opposition").  (Docket No. 21).  Plaintiff also filed a Reply in Support of Motion to Remand Action (the "Remand Reply") on May 18, 2015.  (Docket No. 24). Sprint filed a Reply in Support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), or, in the Alternative, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e) (the "Sprint Reply") on May 18, 2015.  (Docket No. 25).

    The Court considered the papers filed by the parties on the two motions and held a hearing on June 1, 2015.  For the reasons stated below, the Court **DENIES** the Remand Motion, and **GRANTS** the Sprint Motion because the Court lacks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-02485-MWF (ASx)**                              Date:  **June 9, 2015**
Title:      William V. R. Smith  -*v*- Sprint Corporation, et al.

personal jurisdiction over Sprint with *leave to amend* to allow Plaintiff to name the appropriate defendant.

**Background**

Plaintiff brings this action for breach of contract and declaratory relief based on an agreement he allegedly made with Nextel Communications Inc. ("Nextel"). Plaintiff alleges that in 1991 he obtained licenses from the Federal Communications Commission ("FCC") to broadcast on the 800MHz frequency in the Los Angeles area. (Complaint ¶ 8 (Docket No. 1-1)). In 1997, Nextel acquired the licenses from Plaintiff. (*Id*. ¶ 10). In exchange, Nextel agreed to provide Plaintiff with free service on Nextel's telecommunications system. (*Id*.). Plaintiff alleges that this agreement was put in writing and attaches a copy of the agreement with his Complaint (the "1997 Agreement"). (*Id*., Ex. A). Plaintiff alleges that the 1997 Agreement provides for Plaintiff to receive five free phones a year, with free service and software in perpetuity. (*Id*. ¶ 11). The 1997 Agreement presented to the Court by Plaintiff is a single page memorandum on Plaintiff's letterhead purporting to memorialize a telephone conversation with someone at Nextel. It is signed only by Plaintiff.

In October 2001, Smith and Nextel came to an agreement to modify the 1997 Agreement (the "2001 Modification"). (*Id*. ¶ 12, Ex. B). The 2001 Modification was made out to Plaintiff's company, ArtSci, Inc., but Plaintiff alleges that he was the contracting party and ArtSci, Inc. transferred all its assets, including its rights under the 2001 Modification to Plaintiff. (*Id*.).

Under the 2001 Modification, Nextel agreed to provide ArtSci, Inc. with five mobile units with free service with certain limited exceptions. The 2001 Modification indicates that it is "a Nextel Service Agreement for Account Number 300710, ArtSci Inc." It also notes that "[t]here is not an opportunity to return to the original agreement. The 20 trunk system is no longer available." (2011 Modification). The 2001 Modification further states "**THERE IS NOT AN END DATE TO THIS AGREEMENT.**" The 2001 Modification is in the form of a letter from Nextel and is addressed to "Mr. Smith." It instructs him to sign and return via fax. The 2001 Modification was signed by Plaintiff on December 1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-02485-MWF (ASx)**                                Date: **June 9, 2015**
Title:       William V. R. Smith  -v- Sprint Corporation, et al.

2001 and also by Traci Phillips, whom the 2001 Modification identifies as a "Customer Support Supervisor."

The 2001 Modification contains a handwritten note indicating an Addendum, which is also part of Exhibit B (the "Addendum").  The Addendum states:

> The following items are included in the agreement between Nextel and Artsci, Inc.
>
> - Long Distance, free incoming calls is included in all the rate plans.
>
> - Artsci is allowed free equipment upgrades (no more than one time per year, per phone)[.]  Unused upgrades each year shall be credited to the account to cover overages.
>
> - Nextel shall review the bill each month to see if any available service plan would have saved fees and adjust the bill to use the plan. Ie. 600, 1,000 minute plans. Additional minutes over the plan are bill [sic] at the Lowest Nextel minute fee charged.
>
> - Bills phone can get any available feature or service at no additional charge.

(2001 Modification, Ex. B).

The Amendment is signed by William Smith, and there is a handwritten annotation that refers to Tracy Phillips.

Plaintiff alleges that Sprint operated under the name Sprint Nextel Corporation after its 2005 merger with Nextel, and also succeeded to all rights and liabilities of Nextel as a result of the merger.  (Compl. ¶2).

Sprint ceased using the spectrum after 2001 and returned it for use by the government for emergency services purposes.  (*Id*. ¶ 14).  Nextel, and then Sprint, nonetheless continued to abide by the agreement.  However, in 2014 Sprint cancelled the service for all of Plaintiff's phones and refused to return the frequencies to him.  (*Id*. ¶ 15).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-02485-MWF (ASx)**                              Date:  **June 9, 2015**
Title:       William V. R. Smith  -v- Sprint Corporation, et al.

**Materials Beyond the Complaint**

The parties submitted several requests for judicial notice in connection with their papers on the motions.  Sprint submitted a Request for Judicial Notice in support of the Sprint Motion ("Sprint's RJN"), and a Request for Judicial Notice with the Sprint Reply ("Sprint's Reply RJN").  (Docket Nos. 17, 26).  Plaintiff submitted a Request for Opposition in Support of Opposition to Motion to Dismiss ("Plaintiff's RJN").  None of the requests for judicial notice are opposed.

Sprint's RJN requests judicial notice of a printout from the California Secretary of State's business entity search website regarding Plaintiff's company, ArtSci, Inc.  The Court **GRANTS** Sprint's RJN.

Plaintiff requests that the Court take judicial notice of extracts from Sprint Nextel Corporation's September 2005 Form 10-Q filed with the Securities and Exchange Commission ("SEC") and Sprint's Form 8-K filed with the SEC in July 2013.  (Plaintiff's RJN; Declaration of Sheila Wirkus Pendergast, Exs. A, B (Docket Nos. 22-1; 22-2)).  In Sprint's Reply RJN, Sprint asks the Court to take judicial notice of further pages from the same SEC filings.  (Sprint's Reply RJN).

Courts can consider securities offerings and corporate disclosure documents that are publicly available.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) ("Defendants sought judicial notice for Corinthian's reported stock price history and other publicly available financial documents, including a number of Corinthian's SEC filings. In its dismissal order, the court granted Defendants' unopposed requests for judicial notice.  Metzler does not contest the propriety of the noticing of these documents on appeal, which in any event was proper").  The Court may only take judicial notice of the fact of the SEC forms, and not their content.  The Court therefore **GRANTS** Plaintiff's RJN and Sprint's Reply RJN for that limited purpose.

However, when a defendant files a motion on 12(b)(2) and 12(b)(6) grounds, the court may consider extra-pleading material when determining whether it has personal jurisdiction over defendants but exclude the same evidence from consideration of whether the complaint states a claim, even when the two questions turn on the same issue.  *See, e.g., High v. Choice Mfg. Co.*, C–11–5478– EMC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 15-02485-MWF (ASx)** | Date: **June 9, 2015** |
| Title: | William V. R. Smith  -v- Sprint Corporation, et al. | |

2012 WL 3025922, at *4–6 (N.D. Cal. July 24, 2012) (where both personal jurisdiction and the sufficiency of the complaint both turned on the question of alter ego, considering extra-pleading evidence with respect to the 12(b)(2) challenge but excluding the extra-pleading evidence from the 12(b)(6) analysis). *See also, e.g., Abosakem v. Royal Indian Raj Int'l Corp.*, C–10–01781 MMC, 2011 WL 635222, at *10 n. 7 (N.D. Cal. Feb. 11, 2011) (considering a declaration in the context of determining personal jurisdiction but not to determine the sufficiency of the complaint).

The SEC forms are the only additional evidence provided by Plaintiff in opposition to Sprint's argument that it is not subject to personal jurisdiction in California. The Court therefore will consider the extracts from the SEC forms submitted by the parties in determining whether Plaintiff establishes a prima facie case for personal jurisdiction.

**Motion To Remand**

Upon the Court's own review of Sprint's Notice of Removal, it appeared that Sprint's removal of the action from Los Angeles Superior Court was untimely. (Docket No. 1). On April 15, 2015, the Court issued a Notice of Procedural Defect, explaining that it could not sua sponte remand the case for a procedural defect. (Docket No. 15). The Court appreciates the additional briefing and clarification of the applicable law provided by the parties.

Plaintiff filed his Remand Motion on May 4, 2015. Plaintiff argues that Sprint failed to timely remove the action under 28 U.S.C. § 1446. (Remand Mot. at 2). Section 1446 provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Plaintiff served Sprint by sending a copy of the summons and complaint to its registered agent for service by certified mail on February 24, 2015. (Docket No. 1-5; Declaration of Sheila Pendergast ("Pendergast Remand Decl."), Ex. B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-02485-MWF (ASx)**                              Date:   **June 9, 2015**

Title:   William V. R. Smith  -v- Sprint Corporation, et al.

(Docket No. 19-2)).  Sprint's agent received the summons and complaint on February 27 as indicated by the signed return receipt.  (Pendergast Remand Decl., Ex. D).

Plaintiff argues that the time to remove started running once Sprint received the summons and complaint on February 27.  Therefore, Plaintiff contends, Sprint had until March 26, 2015, to file its notice of removal.  Because it was filed on April 3, 2015, it was untimely and so the action should be remanded to the state court from which it was removed.

Sprint argues that service was not complete until March 6, and so its filing on April 3 was timely.  (Remand Opp. at 2).  Sprint contends that because it was served under California Code of Civil Procedure section 415.40, service was complete only ten days after the date of mailing.  (*Id*. at 3).  Therefore, the time to file a Notice of Removal only began to run on March 6, making its Notice of Removal timely, and removal proper.

The parties dispute whether the physical receipt of the Summons and Complaint by Sprint's agent for service of process – which Sprint does not deny – or the running of the ten-day period under section 415.40 triggers the thirty days under § 1446.  The Court determines that, because state law governs the efficacy of service, and service of process is necessary to trigger the § 1446 period, the 30 days began to run only once the ten-day period under section 415.40 had run.

The Supreme Court has held that the time to remove under § 1446 is triggered by service of process as defined by state law, and mere notice of the action and any basis for removal prior to effective service of process is not sufficient.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351–52 (1999) (holding that Congress did not intend to break away from the traditional requirement of service of process in enacting § 1446(b) and only effective service triggers the 30 days to file a notice of removal).  In *Murphy*, the Court rejected the Eleventh Circuit's interpretation of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," to mean that any receipt of the complaint triggered the time to remove.  *Id.* at 353–54.  The Court held that service of process "is fundamental to the imposition of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 15-02485-MWF (ASx)** | Date: **June 9, 2015** |
| Title: | William V. R. Smith  -v- Sprint Corporation, et al. | |

procedural imposition on a named defendant" and so only effective service triggers the 30 days under § 1446(b).  *Id.* at 350.

The sufficiency of service of process prior to removal from state court is determined by state law.  *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), overruled on other grounds, *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008).  California law makes clear that service under section 415.40 is effective ten days after mailing of the summons and complaint.  Cal. Code Civ. Proc. § 415.40; *see also Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 250, 211 Cal. Rptr. 517 (1985) (Section 415.40 provides that service pursuant to its provisions "is deemed complete on the 10th day after . . . mailing.").

This understanding of § 1446(b) is also consistent with the Supreme Court's emphasis on the importance of service of process being effective for procedural obligations to apply to a named defendant.  *Murphy*, 526 U.S. at 350 ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").  Other district courts in California have also adopted this rule, holding that the period starts only on expiration of the ten days under section 415.40.  *See Jimena v. UBS AG Bank, Inc.*, 07–CV–00367 OWW, 2007 WL 1687045 at *5 (E.D. Cal. June 8, 2007) ("Plaintiff mailed his service of process to UBS AG New York on January 31, 2007.  Under Cal. Code Civ. Proc. § 415.40 service is deemed complete ten days after mailing."); *Big B Automotive Warehouse Distributors, Inc. v. Cooperative Computing, Inc.*, No. SC 00–2602, 2000 WL 1677948 (N.D. Cal. Nov. 1, 2000) ("As a result, Defendants' 30 day period to file a notice of removal under 28 U.S.C. § 1446 plus the 10 day extension under Cal. Civ. Proc. § 415.40 expired on June 12, 2000"); *HMG Ben. Servs., LLC v. Fringe Ins. Benefits, Inc.*, 07–CV–1704 DMS, 2007 WL 3333115, at *2 (S.D. Cal. Nov. 7, 2007) ("the California Supreme Court has rejected the argument that service is effective upon receipt of the summons and complaint pursuant to Section 415.40") (citing *Johnson*, 38 Cal. 3d at 249–50); *Villareal v. Demarco*, CV 09–0452 PA, 2009 WL 279111, at *2 (C.D. Cal. Feb. 5, 2009) (holding that service under section 415.40 is effective on tenth day after mailing for purpose of determining timeliness of removal).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 15-02485-MWF (ASx)** | Date: **June 9, 2015** |
| Title: | William V. R. Smith  -*v*- Sprint Corporation, et al. | |

Plaintiff argues that, in *Johnson & Johnson*, the California Supreme Court made clear that service is effective upon mailing. (Remand Reply at 1). However, Plaintiff's use of *Johnson & Johnson* is unpersuasive for two reasons:

*First*, the *Johnson & Johnson* court was considering whether a plaintiff met a statute of limitations deadline by which it had to serve a defendant, not when a defendant's obligations commenced. The court held that under section 415.40 the plaintiff met the deadline by mailing the summons and complaint, and was not required to file proof of service within the deadline. *Johnson & Johnson*, 38 Cal. 3d at 249.

*Second*, the *Johnson & Johnson* court also explicitly noted that section 415.40 provides a "grace period" before a defendant's obligations begin to run. *Id.* at 251 ("this language is properly interpreted as making service effective on the date of mailing, while permitting a 10-day grace period before the time for the defendant to answer begins to run."). *See also HMG*, 2007 WL 3333115, at *2 (S.D. Cal. Nov. 7, 2007) (noting that "the holding of *Johnson & Johnson*, however, is tempered by the court's acknowledgment that Section 415.40 permits 'a 10-day grace period before the time for the defendant to answer begins to run'" and so the time to remove under § 1446(b) is triggered only at the end of that grace period).

To apply *Johnson & Johnson*'s holding regarding the obligations of a plaintiff to defendants would here be directly contrary to the Supreme Court's holding in *Murphy* that service of process has to be effected before the § 1446(b) time starts to run, regardless of the notice a defendant has.

Plaintiff's reliance on district court cases decided before *Murphy* is also not persuasive.

Accordingly, the Court **DENIES** the Remand Motion.

**Motion to Dismiss**

Sprint moves to dismiss Plaintiff's claims on two grounds. First, under Rule 12(b)(2) because it contends that it is not subject to personal jurisdiction in California. Second, under Rule 12(b)(6) for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-02485-MWF (ASx)**                    Date:  **June 9, 2015**
Title:         William V. R. Smith  -v- Sprint Corporation, et al.

**A. Motion to Dismiss for Lack of Personal Jurisdiction**

The parties dispute whether Sprint as a successor in interest is a party to Plaintiff's alleged agreement with Nextel. Plaintiff argues that the merger between Sprint and Nextel renders Sprint the successor in interest to the contract and thus is subject to personal jurisdiction in California. Sprint argues that it is not the successor in interest to any obligation of Nextel's and that it has no other contacts with California sufficient to subject it to personal jurisdiction within the state.

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which the court sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, California Code of Civil Procedure section 410.10, extends to the limits of federal due process requirements, so the Court need only conduct jurisdictional analysis under federal due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004) (holding that placement of an unauthorized picture in advertisement in local Ohio newspaper was not directed at California so as to provide for personal jurisdiction in California). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Mavrix Photo, Inc. v. Brand Technologies*, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (holding that placement of infringing photographs of celebrity on national website with celebrity focus was sufficient direction at California to warrant court exercising personal jurisdiction over out of state defendant) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Plaintiff bears the burden of demonstrating that jurisdiction is proper. *See Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). Because the court is deciding the pending motion to dismiss without conducting an evidentiary hearing, Plaintiff is required to make a prima facie showing of jurisdictional facts in order to withstand the motion. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Thus, "Plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In considering this motion, the Court takes as true Plaintiff's allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-02485-MWF (ASx)**          Date: **June 9, 2015**
Title:    William V. R. Smith  -v- Sprint Corporation, et al.

and resolves all factual disputes in Plaintiff's favor. *Schwarzenegger*, 247 F.3d at 800. However, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix*, 647 F.3d at 1223 (quotation omitted). In addition, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846–47 (9th Cir. 2011) overruled on other grounds by *Walden v. Fiore*, 124 S. Ct. 1115 (2014).

The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of satisfying the first two prongs; if he does, the burden shifts to Sprint to present a "compelling case that the exercise of jurisdiction would not be reasonable." *Mavrix*, 647 F.3d at 1228 (internal citations and quotation marks omitted).

The Ninth Circuit has held that the existence of a parent-subsidiary relationship is insufficient, by itself, to establish personal jurisdiction. See *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 590 (9th Cir. 1996) (holding that despite a subsidiary's presence in the forum state, a parent's own contacts did not support personal jurisdiction where it conducts no business and maintains no offices in the state). A district court in California has also previously ruled that Sprint is not subject to personal jurisdiction in California as a result of its subsidiaries' activities. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1297–98

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-02485-MWF (ASx)**                            Date:  **June 9, 2015**
Title:     William V. R. Smith  -v- Sprint Corporation, et al.

(S.D. Cal. 2003) (holding that the plaintiff failed to present any evidence to support alter ego theory as to parent entity).

However, a corporation's contacts with a state may be imputed to its successor if the laws of that state would hold the successor liable for the actions of its predecessor. *Hammond v. Monarch Investors, LLC*, No. 09-CV-2055W (WVG), 2010 WL 2674401, at *3 (S.D. Cal. July 2, 2010) (citing *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1132 (10th Cir. 1991); *LiButti v. U.S.*, 178 F.3d 114, 124 (2d Cir. 1999) (State's successor liability laws establish personal jurisdiction)).

Under California law, a successor company has liability for a predecessor's actions in the following circumstances:

(1) the successor expressly or impliedly agrees to assume the subject liabilities;

(2) the transaction amounts to a consolidation or merger of the successor and the predecessor;

(3) the successor is a mere continuation of the predecessor; or

(4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts.

*CenterPoint Energy, Inc. v. Superior Court*, 157 Cal. App. 4th 1101, 1220, 69 Cal. Rptr. 3d 202 (2007) (holding that defendant was not subject to personal jurisdiction on a theory of successor liability for activities of business that predecessor had transferred to another successor).

Plaintiff argues that Sprint assumed Nextel's obligations, including his agreement with Nextel, as a result of the 2005 merger and points to statements in various filings made to the SEC by Sprint in support of his assertion of personal jurisdiction. The first SEC document submitted by Plaintiff, a single page from Sprint Nextel Corporation's Form 10-Q from September 2005, indicates that a merger occurred which created the company referred to in the 10-Q as Sprint Nextel. (Pendergast Decl., Ex. A (Docket No. 22-1)). The second SEC document,

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-02485-MWF (ASx)**                              Date:  **June 9, 2015**
Title:     William V. R. Smith  -v- Sprint Corporation, et al.

three pages from Sprint Corporation's Form 8-K from July 2013, outlines another merger that took place in 2013 involving various Sprint and Nextel entities and a Japanese entity referred to as "SoftBank." (Pendergast Decl. Ex. B).

Sprint argues that it is merely a holding company that does no business with California, nor has any contacts with California, and so is not subject to personal jurisdiction in the state. Sprint provided a declaration in support of its Motion from a senior manager stating that Sprint is a holding company that does not conduct business in California; that it does not have a designated agent for service of process in California; that it does not collect California sales tax, nor files California tax returns or pays California taxes; that it does not have any employees, leases or property in California; and that it has no bank accounts in California. (Declaration of Robin J. Cohen, ¶¶ 4–10 (Docket No. 16–1)). Instead, it has operating subsidiaries that conduct business in California using the d/b/a "Sprint." (*Id.* ¶ 11). It is these entities that are responsible for service agreements with customers, including customers in California. (*Id.*).

While Sprint denies the existence of any enforceable agreement, it does not argue that the purported agreement would be insufficient to subject the contracting entity to personal jurisdiction in California. Instead, Sprint argues that it was neither the contracting entity to any purported agreement, nor has it assumed any obligations under such an agreement. (Sprint Reply at 2–6).

Sprint argues that Plaintiff's allegations about the merger that took place in 2005 do not show that Sprint itself assumed the obligations of Nextel, including the agreement on which he brings this suit. Sprint submitted additional pages from the SEC submissions with its Reply to show that Sprint is not the successor in interest to Nextel as Plaintiff claims. (Sprint's Reply RJN). Sprint's exhibits, which are no more than the pages immediately surrounding Plaintiff's exhibits, provide a fuller picture of the complicated changes in Sprint's corporate structure that have occurred since the 2011 Modification.

The SEC filings make clear that any of Nextel's obligations were assumed by subsidiaries of Sprint, and not Sprint itself. In 2005 a subsidiary of the entity called Sprint Corporation merged with Nextel and Nextel became a wholly owned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-02485-MWF (ASx)**                           Date:  **June 9, 2015**
Title:     William V. R. Smith  -*v*- Sprint Corporation, et al.

subsidiary of Sprint Corporation.  (Sprint's RJN, Ex. A ("2005 10-Q")).  After the merger, Sprint Corporation changed its name to Sprint Nextel Corporation.  (*Id*. at 7).

The 2013 Form 8-K states that in 2013 Sprint engaged in another merger.  (Sprint's RJN, Ex. B ("Form 8-K")). Sprint Corporation, referred to as "Sprint" in this order, was formerly known as Starburst II, Inc., and is referred to as "New Sprint" in the Form 8-K.  In 2013, Starburst III, Inc., a wholly owned subsidiary of Sprint, merged with Sprint Nextel Corporation – the parent of the wholly owned entity which merged with Nextel in 2005 – whereby Sprint became the parent company of Sprint Nextel Corporation, and Sprint Nextel Corporation changed its name to Sprint Communications, Inc.  (Form 8-K).

From the evidence presented to the Court on this series of transactions, it is apparent that any of Nextel's obligations were assumed by a subsidiary of Sprint Nextel through merger in 2005.  In 2013, Sprint Nextel then became a subsidiary of Sprint.  In his Opposition, Plaintiff freely uses "Sprint" and "Nextel" without specificity or concern to the precise corporate relationships and name changes created by the 2005 and 2013 mergers.  However, these relationships are relevant for the purposes of determining which entity is subject to personal jurisdiction.  The evidence presented by Plaintiff to the Court indicate that Sprint is a parent, likely twice removed, of any entity that may currently by obligated under Plaintiff's purported agreement.

Because a subsidiary's contacts are not attributed to a parent for the purpose of determining personal jurisdiction Plaintiff has failed to carry his burden to establish a prima facie case for exercising personal jurisdiction over Sprint.

Accordingly, the Court **GRANTS** Sprint's Motion for lack of personal jurisdiction.  However, the Court grants leave to Plaintiff to amend the Complaint to name the appropriate defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-02485-MWF (ASx)**                              Date:  **June 9, 2015**
Title:       William V. R. Smith  -*v*- Sprint Corporation, et al.

**B. Motion to Dismiss for Failure to State a Claim**

Because the Court determines that it does not have jurisdiction over Sprint it does not address whether Plaintiff adequately states a claim.

**Conclusion**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** the Sprint Motion.  At the hearing, counsel for Sprint told the Court that Sprint had provided the name of the appropriate Sprint subsidiary to Smith.  Plaintiff is granted leave to amend and shall file a First Amended Complaint that names that entity.

Plaintiff shall file his First Amended Complaint by **June 22, 2015**.  The newly named Defendant in Plaintiff's First Amended Complaint shall file an Answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure after being served.

IT IS SO ORDERED.