UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                               Date:  **August 10, 2015**

Title:      William V.R. Smith  -v- Nextel of California , Inc., et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Cheryl Wynn | None Present |
| Relief Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                    None Present

**Proceedings (In Chambers):**   ORDER DENYING DEFENDANT'S MOTION TO DISMISS [37]

Before the Court is the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or, in the Alternative, Motion for a More Definite Statement Pursuant to F.C.R.P. 12(e) (the "Motion") filed by Defendants Nextel of California, Inc., d/b/a/Nextel Communications ("Nextel"), and Sprint Solutions, Inc. d/b/a/ Sprint ("Sprint") on July 6, 2015.  (Docket No. 37).  Plaintiff William V.R. Smith filed an Opposition to Defendants' Motion to Dismiss to Dismiss Pursuant to F.R.C.P. 12(b)(6), or, in the Alternative, Motion for a More Definite Statement Pursuant to F.C.R.P. 12(e) (the "Opposition") on July 13, 2015.  (Docket No. 39).  Defendants filed a Reply in Support of Motion to Dismiss to Dismiss Pursuant to F.R.C.P. 12(b)(6), or, in the Alternative, Motion for a More Definite Statement Pursuant to F.C.R.P. 12(e) (the "Reply") on July 20, 2015.  (Docket No. 41).

The Court considered the papers filed by the parties on the Motion and held a hearing on August 3, 2015.  For the reasons stated below, the Court **DENIES** the Motion.

**Background**

Plaintiff brings this action for breach of contract and declaratory relief based on an agreement he allegedly made with Nextel Communications Inc.  The Court has already addressed a motion to dismiss filed by original defendant Sprint Corporation.  (Docket No. 29).  The Court denied Plaintiff's Motion to Remand,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                              Date:  **August 10, 2015**

Title:        William V.R. Smith  -v- Nextel of California , Inc., et al.

and granted Sprint Corporation's Motion to Dismiss, but only to the extent Plaintiff had named the wrong Sprint entity.  At the hearing on June 1, 2015 on the first motion to dismiss, the Sprint Corporation agreed to inform Plaintiff of the appropriate corporate entity to be named.  Plaintiff filed a First Amended Complaint on June 22, 2015.  (Docket No. 30).  In it, Plaintiff made substantially the same allegations, but instead of Sprint Corporation, named Nextel and Sprint based on the information provided by Sprint Corporation's counsel.

Plaintiff alleges that in 1991 he obtained licenses from the Federal Communications Commission ("FCC") to broadcast on the 800MHz frequency in the Los Angeles area.  (FAC ¶ 14).  In 1997, Nextel acquired the licenses from Plaintiff.  (*Id.* ¶ 16).  In exchange, Nextel agreed to provide Plaintiff with free equipment and service on Nextel's telecommunications system.  (*Id.*).  Plaintiff alleges that this agreement was put in writing and attaches a copy of the agreement to his FAC (the "1997 Agreement").  (*Id.*, Ex. A).  Plaintiff alleges that the 1997 Agreement provides for Plaintiff to receive five free phones a year, with free service and software in perpetuity.  (*Id.* ¶ 17).  The 1997 Agreement presented to the Court by Plaintiff is a single page memorandum on Plaintiff's letterhead purporting to memorialize a telephone conversation with someone at Nextel.  It is signed only by Plaintiff.

In October 2001, Smith and Nextel came to an agreement to modify the 1997 Agreement (the "2001 Modification").  (*Id.* ¶ 18, Ex. B).  The 2001 Modification was made out to Plaintiff's company, ArtSci, Inc. ("ArtSci"), but Plaintiff alleges that he was the contracting party and ArtSci transferred all its assets, including its rights under the 2001 Modification to Plaintiff.  (*Id.*).

Under the 2001 Modification, Nextel agreed to provide ArtSci with five mobile units with free service with certain limited exceptions.  The 2001 Modification indicates that it is "a Nextel Service Agreement for Account Number 300710, ArtSci Inc."  It also notes that "[t]here is not an opportunity to return to the original agreement.  The 20 trunk system is no longer available." (2011 Modification).  The 2001 Modification further states "**THERE IS NOT AN END DATE TO THIS AGREEMENT.**"  The 2001 Modification is in the form of a

---

CIVIL MINUTES—GENERAL                                                                2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                     Date:   **August 10, 2015**

Title:        William V.R. Smith  -v- Nextel of California , Inc., et al.

letter from Nextel and is addressed to "Mr. Smith."  It instructs him to sign and return via fax.  The 2001 Modification was signed by Plaintiff on December 1, 2001 and also by Traci Phillips, whom the 2001 Modification identifies as a "Customer Support Supervisor."

The 2001 Modification contains a handwritten note indicating an Addendum, which is also part of Exhibit B (the "Addendum").  The Addendum states:

> The following items are included in the agreement between Nextel and Artsci, Inc.
> 
> - Long Distance, free incoming calls is included in all the rate plans.
> 
> - Artsci is allowed free equipment upgrades (no more than one time per year, per phone)[.]  Unused upgrades each year shall be credited to the account to cover overages.
> 
> - Nextel shall review the bill each month to see if any available service plan would have saved fees and adjust the bill to use the plan. Ie. 600, 1,000 minute plans. Additional minutes over the plan are bill [sic] at the Lowest Nextel minute fee charged.
> 
> - Bills phone can get any available feature or service at no additional charge.

(2001 Modification, Ex. B).

The Amendment is signed by William Smith, and there is a handwritten annotation that refers to Tracy Phillips.

Plaintiff alleges that Nextel and, and then Sprint, have provided the phones and services in accordance with the 2001 Modification.  However, in 2014, Sprint cancelled the service for all of Plaintiff's phones and refused to return the frequencies to him.  (*Id.* ¶ 21).  Sprint locked the phones and the numbers associated with them, and Plaintiff alleges that it has sent the final bill to collections.  (*Id.*).

---

**CIVIL MINUTES—GENERAL**                                                          3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                              Date:  **August 10, 2015**

Title:        William V.R. Smith  -*v*- Nextel of California , Inc., et al.

    Plaintiff asserts two claims for relief.  First, for breach of contract based on the breach of the obligation of Nextel (and its successor Sprint) to provide five cellphones and services to him in perpetuity in exchange for transfer of his licenses.  Second, Plaintiff request declaratory relief that he has an assignable property right to five cellphones forever from Nextel and Sprint.

**Materials Beyond the Complaint**

    Defendants submitted a Request for Judicial Notice (the "RJN") in connection with their Motion.  (Docket No. 38).  The RJN is unopposed.  As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012).  There are, however, two exceptions to this general rule: the "incorporation by reference" doctrine and matters that may be judicially noticed.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (holding that district court improperly dismissed complaint when it took judicial notice of disputed facts).   A court "must consider" the complaint as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that in alleging fraud under § 10(b) of the Securities Exchange Act of 1934 a plaintiff must plead facts rendering inference of scienter at least as likely as any plausible opposing inference).

    Sprint's RJN requests that the Court take judicial notice of a Certificate of Status from the California Secretary of State as to Plaintiff's company, ArtSci, Inc.  The Court may take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute.  Fed. R. Evid. 201(b).  The Court concludes that it has authority to take judicial notice of the Certificate of Status from the California Secretary of State materials. *See, e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).  The Court therefore **GRANTS** the unopposed RJN.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                                Date:  **August 10, 2015**

Title:        William V.R. Smith  -v- Nextel of California , Inc., et al.

**Motion to Dismiss**

     In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  In ruling on a motion to dismiss, a court must ensure that there is more than a sheer possibility that a defendant has acted unlawfully. *Id.*

     "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).

     Defendants make the following arguments for dismissal:

     *First*, the FAC is too vague to sufficiently allege the existence of a contract.

     *Second*, the two documents Plaintiff provides in support of his purported agreement do not support a claim for breach of contract.  The 1997 Agreement was not signed by Nextel and contains no mention of any consideration provided by Plaintiff, and certainly not the purported transfer of valuable spectrum licenses.  The 2001 Modification also makes no reference to consideration and, while signed by an agent of Nextel, is for the benefit of ArtSci, and not Plaintiff.

     *Third*, the language of the writings is not sufficient to create an obligation forever, and therefore the contracts are terminable at will by either party.  Therefore, Sprint's cancellation is not a breach of the contract.

     *Fourth*, Plaintiff's claim for declaratory relief is not a viable separate claim for relief.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 15-2485-MWF(ASx)**  Date: **August 10, 2015**

Title:  William V.R. Smith  -v- Nextel of California , Inc., et al.

In the alternative, Defendants move for a more definite statement under Rule 12(e). Defendants note that Plaintiff's allegations may support a number of claims for relief that implicate different defenses and even statutory regimes, and so ask that should the Court deny their motion to dismiss, that it in the alternative require Plaintiff to provide a more definite statement. For example, Defendants posit that it is possible that Plaintiff may seek rescission of the purported agreement and return of the frequencies, but that such a claim implicates the jurisdiction of the Federal Communications Commission (the "FCC"). Further any claim for declaratory relief as to the property rights over the frequencies also implicates the FCC, which would be the appropriate forum in which to adjudicate this dispute, depending on Plaintiff's theory of recovery. Defendants also posit that Plaintiff may be seeking restitution rather than damages, but are unable to discern that from the FAC and so are unable to properly assert all necessary defenses.

### A. Existence of a Contract

Defendants argue that Plaintiff has failed to allege the existence of a contract, and so cannot allege a claim for breach of contract. To state a claim for breach of contract, Plaintiff must plead (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *Maxwell v. Dolezal*, 231Cal. App. 4th 93, 97–98, 179 Cal. Rptr. 3d 807 (2014) (holding that contract, when read as a whole, sufficiently alleged that contract was written as required for an action founded upon a contract).

Defendants argue first that Plaintiffs' allegations fail to state the existence of a contract because the FAC does not state whether the contract was oral or written. For this proposition, Plaintiffs cite to *Maxwell v. Dolezal*. However, *Maxwell* cited to California Code of Civil Procedure section 430.10(g) for this proposition. Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), this Court, sitting in diversity, applies California substantive law, but federal procedural rules. Section 430.10(g) is a Californian procedural rule and so not binding on this Court, which follows the requirements of Federal Rules of Procedure 8 and 12 in determining the adequacy of a claim for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                                Date:  **August 10, 2015**

Title:         William V.R. Smith  -v- Nextel of California , Inc., et al.

Defendants next argue that the 1997 Agreement and 2001 Modification are insufficient to support Plaintiff's claim for relief because neither is signed by either Defendant and they lack any indication of consideration.

The Court is not persuaded that these are fatal deficiencies to Plaintiff's claim.  Plaintiff alleges the existence of an agreement between him and Nextel including the presence of substantial consideration.  While the 1997 Agreement may not in and of itself suffice, it does memorialize an agreement that is at least plausibly consistent with the contract pleaded by Plaintiff.

Defendants also contend that the written agreements are insufficient to establish that the agreement is one that creates obligations in perpetuity.  Defendants are correct that the documents themselves may not suffice.  The statement that "[t]here is no expiration to this agreement" is insufficient to make a contract one that creates an obligation in perpetuity.  "It is not often that a promise will be properly interpreted as calling for perpetual performance." *Nissen v. Stovall-Wilcoxson Co.*, 120 Cal. App. 2d 316, 319, 261 P.2d 10 (1953) (overturning trial court's interpretation of the contract and holding that  defendant only had to pay assessments issued by improvement district until dissolution of the district).  Therefore, a "contract will be construed to impose an obligation in perpetuity only 'when the language of the agreement compels that construction.'" *Id.* (quoting *Massachusetts Bonding & Ins. Co. v. Simonds-Shields-Lonsdale Grain Co.*, 226 Mo. App. 1071, 49 S.W. 2d 645, 648 (1932)); *Aspex Eyewear, Inc. v. Vision Service Plan*, 472 Fed. App'x. 426, 427 (9th Cir. 2012) (citing *Nissen* for the same proposition).

Plaintiff does not contest the rule.  Instead, he argues that the language in the 1997 Agreement and in the 2001 Modification does compel the construction that Nextel and its successors have an obligation in perpetuity to provide Plaintiff with five cellphones.  The Court is not persuaded.  The language is equally, if not more, consistent with a continuing obligation with an undetermined end date, terminable by each party at will.  It therefore does not compel a construction that the obligation is created for perpetuity.  Writing the same language in bold capitalized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                              Date:  **August 10, 2015**

Title:        William V.R. Smith  -v- Nextel of California , Inc., et al.

letters, as was done in the 2001 Modification, does not change the content of the language.

However, because the 1997 Agreement is extraneous to Plaintiff's otherwise well-pleaded contract claim, the Court need not decide that issue at present, and determines that Plaintiff has at least pleaded a claim for contract.

### B. The 2001 Modification

Defendants also argue that the 2001 Modification is not an enforceable contract, and in fact undermines Plaintiff's contract claims.  First, Defendants contend that it is not a modification of an existing agreement, but, by its own terms, a Nextel Service Agreement.  (Mot. at 7).  Second, the 2001 Modification memorializes that the purported first contract was impossible to perform because of changes in technology and so is excused.  Third, there is again no reference to consideration for the new contract or modification.  Finally, ArtSci, and not Plaintiff, is the party to the 2001 Modification, so Smith lacks standing to bring suit under the 2001 Modification, and, further, because ArtSci was an inactive company, it could not transfer its rights to Plaintiff.

Plaintiff contends that both of these documents were sufficient for Nextel and Sprint to perform under the agreement for 17 years, and he attaches fourteen account statements from Nextel and Sprint to his Opposition.  Plaintiff references these monthly statements in his FAC.  (FAC ¶ 20). Therefore they are properly considered by the Court under the doctrine of incorporation by reference. *Tellabs*, 551 U.S. at 322 (holding that a court "must consider" the complaint as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Plaintiff's pleadings regarding the 2001 Modification are confusing and contradictory.  The 2001 Modification is plainly only between ArtSci and Nextel.  Plaintiff claims both that he was assigned all the rights from ArtSci and that he was actually the beneficiary of the contract because he signed it.  These cannot both be true.  Plaintiff is plainly not a party to the 2001 Modification which makes mention only of ArtSci.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                              Date:  **August 10, 2015**

Title:         William V.R. Smith  -v- Nextel of California , Inc., et al.

    Defendants note that in August 2001 ArtSci was suspended by the California Franchise Tax Board, before the 2001 Modification was signed. (RJN, Ex. A). Therefore, it may not bring suit on its own behalf, and they contend, could not have assigned its assets and rights to Plaintiff after the 2001 Modification. (Mot. at 9–10). In response, Plaintiff directs the Court to California Revenue and Tax Code sections 23304.1 and 23304.5 which in conjunction state that while a contract entered by a suspended corporation may be voided, it must be voided in a law suit brought by the counterparty, and that any rescission of the contract may not occur unless the suspended corporation "receives full restitution of the benefits provided by the [corporation] under the contract." Cal. Rev. and Tax Code § 23304.5.

    This argument, however, assumes that it is ArtSci who is bringing suit, and Plaintiff's allegations clearly state that he is seeking to enforce the contract for his own benefit. The FAC makes no claim for restitution on behalf of ArtSci, and therefore such an argument is irrelevant to the Motion.

    On its face the 2001 Modification fails, on its own, to provide a basis for Plaintiff's claim for three reasons: *First*, it is clear that Plaintiff is not the beneficiary of the 2001 Modification. Therefore, it cannot be a modification of an agreement between Plaintiff and Nextel. *Second*, even if Plaintiff was assigned ArtSci's rights and ArtSci, as a suspended corporation, had the power to do that, the 2001 Modification is not an enforceable contract. As with the 1997 Agreement, there is no consideration for the agreement. *Third*, the 2001 Modification does not create a perpetual obligation alleged by Plaintiff because, as explained above, the language it contains does not compel that result. Instead the language indicates the parties' intent to create an agreement without a specific end date that is terminable at will be either party.

    Defendants also argue that the 2001 Modification shows that Plaintiff's original agreement with Nextel is excused by impossibility. The 2001 Modification references an "original agreement" but also states that "[t]here is not an opportunity to return to the original agreement. The 20 trunk system is no longer available." (2001 Modification at 1). Without clearer allegations as to the nature of the underlying agreement the Court cannot determine whether the 2001

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**               Date:   **August 10, 2015**

Title:      William V.R. Smith  -v- Nextel of California , Inc., et al.

Modification, and Defendants' actions in apparent accordance with it, may have constituted a valid modification.  Further, Sprint and Nextel continued to provide phones and services to Plaintiff consistent with the general intent of the first agreement Plaintiff pleads.  Indeed, a written contract "may be modified by an oral agreement to the extent it is 'executed by the parties' *or* supported by consideration and the statute of frauds is satisfied."  *Coldwell Banker & Co. v. Pepper Tree Office Ctr. Associates*, 106 Cal. App. 3d 272, 279, 165 Cal. Rptr. 51, 55 (1980) (emphasis added) (holding that record sustained trial court's finding that agreement under which broker sought commissions had been modified so as to preclude payment of commissions).

Similar to the Court's view of the 1997 Agreement, the 2001 Modification is not necessary for Plaintiff's otherwise well-pleaded claims.  It may be deficient to state a claim for Plaintiff himself on its own terms, but that is not grounds to dismiss this action at this stage.

### C. Plaintiff's Allegations for Breach of Contract

Ultimately, Plaintiff does allege a contract and its breach in the form of his agreement with Nextel in or before 1997.  (FAC ¶ 16).  The contours of Plaintiff's claim for relief are perhaps unclear and Plaintiff's allegations are somewhat confusing.  As explained above, neither of the documents Plaintiff provides constitutes an enforceable written contract in and of themselves.  The 2001 Modification is for the benefit of ArtSci, although ArtSci was suspended at the time it was made.  The 2001 Modification would also appear to be voidable by Nextel.  Cal. Rev. and Tax Code § 23304.1(a) ("Every contract made in this state by a taxpayer during the time that the taxpayer's powers, rights, and privileges are suspended . . . shall, subject to Section 23304.5, be voidable at the request of any party to the contract other than the taxpayer.").

It is also unclear from the FAC why the 2001 Modification is made to the benefit of ArtSci if the original agreement referenced therein is in fact the same agreement Plaintiff alleges he had with Nextel as memorialized in the 1997 Agreement.  Plaintiff makes no allegations as to ArtSci's relationship with Nextel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 15-2485-MWF(ASx)**                         Date:   **August 10, 2015**

Title:        William V.R. Smith  -v- Nextel of California , Inc., et al.

prior to October 2001.  Review of the account statements he submits with his Opposition further confuses the matter.  They are all for an account held by ArtSci, not Plaintiff.  (Declaration of William V. R. Smith, Exs. 1–14 (Docket Nos 40-1–14)).  An explanation as to how an agreement between Plaintiff and Nextel resulted in ArtSci being billed is also lacking.

　　　　Plaintiff may well adequately plead that he was assigned all the rights and assets of ArtSci – although the parties do not fully brief the ability of a suspended corporation to make such an assignment – his pleadings plainly state that he, and not ArtSci, made the original agreement with Nextel in 1997.  He alleges that "Nextel acquired Smith's license in or before 1997 in exchange for its agreement to provide Smith with free service for 20 mobile units on the existing network (a trunked system) . . . In November 1997, Smith and Nextel put their agreement in writing."  (FAC ¶¶ 16–17).  The document Plaintiff references in his FAC are not wholly consistent with his precise allegations.  However, as explained above, this is not fatal to Plaintiffs' allegations of the agreement he had with Nextel, and then Sprint, especially given their continued provision of phones in a manner at least broadly consistent with the alleged agreement.

　　　　At the hearing, the Court made clear that it believed that Plaintiff stated a claim for breach of contract, but was undecided as to whether to require Plaintiff to replead to address the inconsistencies in the FAC or to let the claims proceed and resolve the problems identified by Defendants through summary judgment after discovery.  Counsel for Defendants stated that the primary concern was uncertainty as to whether Plaintiff was placing either the frequencies, or their value, at issue in his suit.  Defendants explained that should Plaintiff be seeking restitution, the case would properly be stayed and referred to the FCC under the primary jurisdiction doctrine.  Plaintiff's counsel assured the Court and Defendants that Plaintiff was not seeking return of the license or their value.  The only remedy he was requesting was for Sprint to comply with the agreement and provide him with the phones and services to which he is entitled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 15-2485-MWF(ASx)** Date: **August 10, 2015**

Title: William V.R. Smith -*v*- Nextel of California, Inc., et al.

Having discussed the question with the parties at the hearing, in light of Plaintiff's assurances, and the Court's reading of the FAC as a whole, the Court determines that Plaintiff states a claim for breach of contract. The issues Defendants raise in their Motion are better resolved after discovery on a motion for summary judgment. The Court therefore **DENIES** the Motion.

**Conclusion**

For the reasons stated above, the Court **DENIES** the Motion. Defendants shall file an Answer to the FAC within **14 days** of the filing of this Order.

IT IS SO ORDERED.